UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) ) v. ) ALEXIS NOE HERNANDEZ, ) ) Defendant. ) ) | Case No: 09-cr-57-RCL |

## MEMORANDUM OPINION

Before the Court is defendant Alexis Noe Hernandez's motion [ECF No. 181] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). This motion is based on Amendment 782 to the United States Sentencing Guidelines and must be analyzed under the "two step inquiry" set forth in *Dillon v. United States*, 560 U.S. 817 (2010). Under *Dillon*'s test, the Court must first determine if Mr. Hernandez is eligible for a sentence reduction under § 3582(c)(2) and then determine whether or a not such a reduction is warranted according to the factors enumerated in 18 U.S.C. § 3553(a). After considering Mr. Hernandez's motion, the record in this case, and the applicable law, the Court will deny Mr. Hernandez's motion because he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

I.  BACKGROUND

In 2009, Mr. Hernandez was charged with conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841, 846. Mr. Hernandez entered into a plea agreement, under which he plead guilty to these charges and agreed to be accountable for more than 50 kilograms but less than 150 kilograms of cocaine. He was sentenced to 120 months (10 years) imprisonment.

## II. LEGAL STANDARDS

Courts may modify terms of imprisonment once they have been imposed when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On April 30, 2014, the Sentencing Commission submitted to Congress Amendment 782, proposing a downward revision to sentencing ranges for drug trafficking offenses (sometimes referred to as "all drugs minus two"), and Amendment 788 which allows for the retroactive application of Amendment 782. Amendment 782 affects U.S.S.G. § 2D1.1, which discusses the base offense levels for the manufacture, importation, exportation, or trafficking of drugs, and attempt or conspiracy to commit such offenses. Amendments 782 and 788 became effective on November 1, 2014. The policy statement regarding Amendment 782 is contained in U.S.S.G. § 1B1.10.

Courts follow a two-step approach when determining whether a sentence reduction is warranted under § 3582(c). *Dillon*, 560 U.S. at 826. First, the court determines whether a defendant is eligible for a sentence reduction and to what extent. *Id.* at 826–27. The court must "'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). However, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution. Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court

proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* (citing U.S.S.G. § 1B1.10(b)(2)(A)–(B)).

If the defendant is eligible for a sentence reduction, the court moves on to step two, which is "to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## III. ANALYSIS

The Court finds that Mr. Hernandez is not eligible for a sentence reduction. When calculating the new Guidelines range as affected by Amendment 782, "the district court can substitute only the amended guideline and must keep intact all other guidelines decisions made during the original sentencing." *United States v. Valle*, 635 F. App'x 708, 709 (11th Cir. 2015). The Guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). "In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." *Id.* § 5G1.1(c)(2). Thus, where a mandatory minimum exceeds the Guidelines range, it supersedes the Guidelines range and becomes the statutorily required low end of the range. *Valle*, 635 F. App'x at 709–10. In such cases, the Guidelines range is based on the mandatory minimum and Amendment 782 does not lower the Guidelines range.

When "the mandatory minimum term [falls] within the otherwise applicable original guideline range," the range may still be determined by drug quantity. *Id.* at 710. That is, the low end of the range is determined by the mandatory minimum, but the high end is determined by the

drug quantity. *Id.* In such cases, when a defendant is sentenced somewhere above the mandatory minimum, and Amendment 782 has reduced the applicable range, the defendant may be eligible for a reduction, but still may not be sentenced below the mandatory minimum. *See id.* Furthermore, the policy statement provides that in cases where a mandatory minimum was present, but "the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the amended Guideline range may be determined without regard to the mandatory minimum Guidelines." U.S.S.G. § 1B1.10(c).

Based on Mr. Hernandez's total offense level of 39 and criminal history category of III, the Guidelines range for his imprisonment was 324 to 205 months. *See* Presentence Investigation Report ¶ 102. However, he was subject to a statutory mandatory minimum term of 10 years (120 months) under 21 U.S.C. § 841(b)(1)(A)(iii). *See id.* ¶ 101. The Court departed downward from the Guidelines range based on a 5K1.1 motion regarding substantial assistance. Thus, the Court sentenced Mr. Hernandez to the mandatory minimum term of 120 months. The new Guidelines range for Mr. Hernandez is 262 to 327 months (offense level 37 with criminal history category III). Because Mr. Hernandez's original sentence is lower than the low end of the new Guidelines range, he is not eligible for a sentence reduction under Amendment 782. Thus, Mr. Hernandez's motion does not pass the first step of *Dillon* and the Court will deny his motion.

IV. **CONCLUSION**

For the foregoing reasons, the Court finds that Mr. Valdez is not eligible for a sentence reduction. His motion will be denied. A separate Order accompanies this Memorandum Opinion.

Date: August 9, 2017

Royce C. Lamberth
United States District Judge

4